# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 13, 2013

No. 12-30602

Lyle W. Cayce
Clerk

MARIANNE FRY; JANICE KNOX; RENELLA S. KENDALL; BOBBY J. HOOKS; JOHNNIE M. BROWN; JANESTER K. ANDERSON; MAVIS L. DURR; YVONNE ASBERRY; TERI NICHOLS BARROW; BROWNIE KRISPIN RENFROE; IRIS LOCURE; ALUSKA FRANCOIS,

Plaintiffs-Appellants

v.

STATE OF LOUISIANA THROUGH THE DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS; MARY LIVERS, Deputy Secretary; STATE OF LOUISIANA, OFFICE OF JUVENILE JUSTICE,

Defendants-Appellees

-------------------------------------------------------------------------------------------------

ALUSKA FRANCOIS,

Plaintiff-Appellant

v.

DEPUTY SECRETARY MARY LIVERS; STATE OF LOUISIANA, OFFICE OF JUVENILE JUSTICE

Defendants-Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:09-CV-430

No. 12-30602

Before REAVLEY, JOLLY, and SMITH, Circuit Judges.

PER CURIAM:[*]

Plaintiffs–Appellants in this appeal are teachers formerly employed by the State of Louisiana's Department of Public Safety and Corrections, Office of Juvenile Justice. They appeal the district court's grant of summary judgment for Defendants in their wrongful termination suit. Plaintiffs argue that they were terminated from their jobs without regard for their tenured status, in violation of due process. Reviewing the record de novo, *see Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005), we AFFIRM for the same reasons given in the district court's opinion.

Plaintiffs were formerly employed as tenured teachers at the Jetson Center for Youth–East Baton Rouge Parish Unit ("Jetson facility"). In 2008, the Louisiana Legislature enacted La. Rev. Stat. § 15:902.4, which provided for the closure of the Jetson facility by June 30, 2009. *See* 2008 La. Sess. Law Serv. Act 565 (S.B. 749) (West). The Legislature later amended the statute to provide for the conversion of the Jetson facility into a new facility with a new name, a new mission and teaching model, and a reduced budget and staff. *See* 2009 La. Sess. Law Serv. Act 253 (S.B. 302) (West). Both the original and amended versions of the statute contemplated that the Jetson facility would be closed and the positions of its staff would be eliminated. For example, both versions of the statute allowed for a hiring preference within the Department of Public Safety for those Jetson employees who were involuntarily displaced. We agree with the district court that because the Legislature eliminated Plaintiffs' positions, their tenured status did not afford them special protection, and the reduction in force was not a violation of due process. *See Hays v. La. State Bd. of Elementary &*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-30602

*Secondary Educ.*, 39 So. 3d 818, 821 (La. Ct. App. 2010) (stating that the Louisiana teacher tenure law "was not intended 'to guarantee job security where there were no jobs'" (quoting *Rousselle v. Plaquemines Parish Sch. Bd.*, 633 So. 2d 1235, 1243 (La. 1994)).

    AFFIRMED.